IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE:  YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | 3:09-md-02100-DRH-PMF<br><br>MDL No. 2100 |

**This Document Relates to:**

| | |
|---|---|
| *Stacey Altman v.*<br>*Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:11-cv-12846-DRH-PMF |
| *Rene Cauchi, et al. v.*<br>*Bayer HealthCare Pharmaceuticals, Inc., et al.*[1] | No. 3:11-cv-13223-DRH-PMF |
| *Vera Conner, et al. v.*<br>*Bayer HealthCare Pharmaceuticals, Inc., et al.*[2] | No. 3:11-cv-13149-DRH-PMF |
| *Elizabeth Dinkel v.*<br>*Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:11-cv-13280-DRH-PMF |
| *Misty Gannon v. Bayer Corp., et al.* | No. 3:11-cv-12637-DRH-PMF |
| *Coesha Jackson v.*<br>*Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:11-cv-13111-DRH-PMF |
| *Susan Jennings v. Bayer Corp., et al.* | No. 3:11-cv-12990-DRH-PMF |
| *Rania Kanazi v. Bayer Corp., et al.* | No. 3:11-cv-12965-DRH-PMF |
| *Daysha Kelly v. Bayer Pharma AG, et al.* | No. 3:11-cv-12320-DRH-PMF |
| *Patricia Lawson v.*<br>*Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:11-cv-12948-DRH-PMF |
| *Kaitlyn Lester, et al. v. Bayer Corp., et al.*[3] | No. 3:11-cv-13373-DRH-PMF |

---

[1]  This order applies only to plaintiff Rene Cauchi.

[2]  This order applies only to plaintiff Cheryl McMillan.

[3]  This order applies only to plaintiffs Tiahna Reid and Brentney Shelbourne-Green.

| | |
|---|---|
| *Meredith Mach v. Bayer Corp., et al.* | No. 3:11-cv-13184-DRH-PMF |
| *Erin and C. John Martinez v. Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:11-cv-13361-DRH-PMF |
| *Christine Medina v. Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:11-cv-13222-DRH-PMF |
| *Elizabeth Moore-Berry, et al. v. Bayer HealthCare Pharmaceuticals, Inc., et al.*[4] | No. 3:11-cv-13131-DRH-PMF |
| *Roseanna Morris, et al. v. Bayer Corp., et al.*[5] | No. 3:11-cv-13374-DRH-PMF |
| *Adria Redick, et al. v. Bayer Corp., et al.*[6] | No. 3:11-cv-13372-DRH-PMF |
| *Brittany Roberts v. Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:11-cv-11575-DRH-PMF |
| *Joi Robinson v. Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:11-cv-12950-DRH-PMF |
| *Diana Seymour v. Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:11-cv-11243-DRH-PMF |
| *Sammer Yacoub v. Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:11-cv-13136-DRH-PMF |

## ORDER OF DISMISSAL WITHOUT PREJUDICE
## (Failure To Comply With PFS Obligations)

**Herndon, Chief Judge,**

This matter is before the Court on the Bayer defendants' motion, pursuant to Case Management Order 12 ("CMO 12")[7] for an order of dismissal, without

---

[4] This order applies only to plaintiff Elizabeth Moore-Berry.

[5] This order applies only to plaintiff Roseanna Morris.

[6] This order applies only to plaintiff Carrie Hamilton.

[7] The Parties negotiated and agreed to CMO 12, which expressly provides that the discovery required of plaintiffs is not objectionable. CMO 12 § A(2).

prejudice, of the plaintiffs' claims in the above captioned cases for failure to comply with their Plaintiff Fact Sheet ("PFS") obligations.[8]

Under Section C of CMO 12, each plaintiff is required to serve defendants with a completed PFS, including a signed declaration, executed record release authorizations, and copies of all documents subject to the requests for production contained in the PFS which are in the possession of plaintiff. Section B of CMO 12 further provides that a completed PFS is due "45 days from the date of service of the first answer to her Complaint or the docketing of her case in this MDL, or 45 days from the date of this Order, whichever is later."

Accordingly, the plaintiffs in the above-captioned matters were to have served completed PFSs on or before April 21, 2012. (*See e.g., Altman* No. 3:11-cv-12846-DRH-PMF Doc. 6-1).[9] Per Section E of CMO 12, Notice of Overdue Discovery was sent on May 14, 2012. (*See e.g., Altman* No. 3:11-cv-12846-DRH-

---

[8] Bayer's motion to dismiss also sought dismissal of the following actions: *Laura Cerossimo v. Bayer Corp., et al.* No. 3:11-cv-12650-DRH-PMF; *Danielle Snyder v. Bayer Corp., et al.* No. 3:11-cv-12918-DRH-PMF; *Christina and Arnold Valenzuela, Jr. v. Bayer Corp., et al.* No. 3:11-cv-13038-DRH-PMF; and *Emily Wills v. Bayer Corp., et al.* No. 3:11-cv-13186-DRH-PMF. Bayer has since withdrawn its motion to dismiss as to these actions.

[9] Identical motions were filed in each of the above captioned cases. For ease of reference the Court refers to the motion and exhibits filed in *Altman* No. 3:11-cv-12846-DRH-PMF Docs. 6, 6.1, 6.2).

PMF Doc. 6-2).[10] Plaintiffs' completed PFSs are thus more than five months overdue.[11]

Under Section E of CMO 12, the **plaintiffs were given 14 days from the date of Bayer's motion**, in this case 14 days from July 2, 2012, to file a response either certifying that they served upon defendants and defendants received a <u>completed</u> PFS, and attaching appropriate documentation of receipt or an opposition to defendant's motion.[12]

To date, none of the plaintiffs in the above captioned member actions has filed a response. Because the plaintiffs have failed to respond to Bayer's allegations, the Court finds that these plaintiffs have failed to comply with their PFS obligations under CMO 12. **Accordingly, the claims of the above captioned plaintiffs are hereby dismissed without prejudice.**

---

[10] A similar case specific notice of over-due discovery was sent to each of the subject plaintiffs and is attached as an exhibit to Bayer's motion to dismiss in each of the above captioned member actions.

[11] Bayer states that it received some medical records from plaintiff Susan Jennings (Case No. 3:11-cv-12990) on June 25, 2012, but it has not received her PFS or other required disclosures.

[12] Responses to Bayer's motion to dismiss were due 14 days from July 2, 2012 regardless of any response date automatically generated by CM/ECF. The Court has previously noted in orders in this MDL and during a status conference in this MDL that **when deadlines provided by CM/ECF conflict with orders of this Court, the Court ordered deadline will always control**. *See* **United States District Court for the Southern District of Illinois, Electronic Filing Rules, Rule 3 (The "filer is responsible for calculating the response time under the federal and/or local rules. The date generated by CM/ECF is a guideline only, and, if the Court has ordered the response to be filed on a date certain, the Court's order governs the response deadline.").** The deadlines provided by CM/ECF are generated automatically based on the generic responsive pleading times allowed under the rules and do not consider special circumstances (such as court orders specific to a particular case or issue).

4

5

The Court reminds plaintiffs that, pursuant to CMO 12 Section E, **unless plaintiffs serve defendants with a COMPLETED PFS or move to vacate the dismissal without prejudice within 60 days after entry of this Order, the Order will be converted to a <u>Dismissal With Prejudice</u> upon defendants' motion**.

So Ordered:                              Date: September 20, 2012

Digitally signed by
David R. Herndon
Date: 2012.09.20
17:02:08 -05'00'

**Chief Judge**
**United States District Court**